IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERYL KELMAR,

    Plaintiff,

  v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

    Defendants.
                                         /

No. C 09-01418 WHA

**ORDER REGARDING MOTION TO TRANSFER OR DISMISS**

      Plaintiff, acting *pro se*, filed this action in Santa Cruz Superior Court and the case was removed to federal court. Plaintiff seeks relief from a pending foreclosure on a property located on McKee Road in Felton, California (a second property, not her residence). Plaintiff had previously filed a similar action in Santa Barbara County concerning foreclosure on the same property.[1] That action was also removed to federal court and is currently pending in the Central District of California.

      Defendants filed a motion to dismiss this complaint or, in the alternative, to transfer the case to the Central District in accordance with the "first to file" rule. A hearing on the motion is scheduled for May 21, 2009. Pursuant to Civil Local Rule 7-3, plaintiff's brief in opposition to

---

[1] Although the complaint seeks similar relief concerning the same property, the named parties are not identical. While the allegations are not entirely clear, plaintiff evidently alleges that defendants herein issued or hold a first loan on the property, whereas defendants in the Santa Barbara (now Central District) action issued or hold a second home equity loan on the property.

the motion was due April 30, yet plaintiff has submitted no response to the motion. In fact, since the case was removed hereto April 1, plaintiff has taken no action in this case whatsoever.

"The first-to file rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district . . . The 'sameness requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093 (N.D. Cal. 2006) (quotations and citations omitted). The doctrine permits a court to "transfer, stay or dismiss the second action if it determines that it would be in the interest of judicial economy and convenience of the parties." *Ibid*.

This action is "substantially similar" as the action pending in the Central District. Both seek relief from a pending foreclosure on the same property. Because the motion is unopposed, and because comity and judicial economy favor transfer, the motion is hereby **GRANTED**. This case is hereby **TRANSFERRED** to the Central District of California for consolidation with *Kelmar v. Countrywide Financial Corp. et al.*, Case No. C. 09-02256 (CAS), or any other action deemed appropriate. The hearing scheduled for May 21, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 8, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE